**SO ORDERED.**

**SIGNED this 23 day of May, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JASON LEE NOEL,

      Debtor.                              Case No. 06-00564-8-JRL
                                                  Chapter 7

_____

## ORDER

This matter is before the court on the debtor's motion to set aside. On May 17, 2006, the court conducted a hearing in Wilmington, North Carolina.

On March 8, 2006, the court entered an order in this case denying the debtor's motion for examination by interrogatories in lieu of attending his meeting of creditors. The debtor seeks to have that order set aside on the grounds that he is currently living outside the state and cannot afford to travel back to this district for a meeting of creditors. Although the debtor was a resident of this state on the petition date, he subsequently traveled to Georgia to attend a drug rehabilitation program. After leaving the program, he moved to Arkansas to live with his parents. He is no longer employed and asserts that the cost of traveling would be an undue hardship.

Under 11 U.S.C. § 343, a debtor "shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." Although a debtor's attendance is mandatory under the statute, courts have waived the requirement if the debtor is physically or mentally incapable of appearing at the meeting. See In re Sullivan, 30 B.R. 781 (Bankr. E.D. Pa. 1983); In re Stewart, 14 B.R. 959 (Bankr. N.D. Ohio 1981); In re Edwards, 2 B.R. 103 (Bankr. S.D. Fla. 1979). If such circumstances exist, this court has allowed debtors to answer interrogatories in lieu of attending their meeting of creditors. See In re Clarke, Case No. 05-06188-8-JRL (Bankr. E.D.N.C. Dec. 21, 2005). The court, however, will not waive a debtor's personal appearance unless "extreme circumstances" can be demonstrated. See In re McCrosky, Case No. 03-06317-8-JRL (Bankr. E.D.N.C. Sept. 16, 2003).

The debtor in this case has not made the requisite showing that he is physically or mentally unable to attend his meeting of creditors. The clerk of court is directed to reschedule the meeting of creditors pursuant to § 341(a). If the debtor wants his bankruptcy case to proceed in this district, he must appear at the next scheduled meeting. Accordingly, the debtor's motion is denied.

"End of Document"